John W. HANEY, Petitioner,

v.

**RAILROAD RETIREMENT BOARD,**
Respondent.

No. 11400.

United States Court of Appeals
Seventh Circuit.

Oct. 6, 1955.

Harvey W. Johnson, Spartanburg, S. C., for petitioner.

Myles F. Gibbons, Gen. Counsel, Chicago, Ill., David B. Schreiber, Associate General Counsel, Railroad Retirement Board, Chicago, Ill., Edward E. Reilly, William A. Eggert, Railroad Retirement Board, Chicago, Ill., of counsel.

Before FINNEGAN, LINDLEY and SCHNACKENBERG, Circuit Judges.

FINNEGAN, Circuit Judge.

Haney, petitioner here, seeks reversal of the respondent Railroad Retirement Board's decision denying him sickness benefits under the Railroad Unemployment Insurance Act.[1]  After a hearing, in which Haney testified, the Board's referee rejected his claim in a decision containing findings of fact and various relevant recitations.  Thereafter, on Haney's appeal, the referee's decision was affirmed by the administrative agency in a written statement embodying its findings of fact, discussion and decision. The Board found that: (i) no day in the period November 1, 1953 through to January 8, 1954, for which Haney made claim, constituted a day of sickness because Haney's "statement of sickness" was tardily filed and, (ii) none of the days January 2, 5, 6, 7 and 8, 1954 could be a "day of sickness" since vacation pay received by Haney for those five days constituted "remuneration" under the Act.

Our review is authorized by § 5(f),[2] of the Act which provides, inter alia:

"It [the court] shall have power to enter upon the pleadings and transcript of the record a decree affirming, modifying, or reversing the decision of the Board, with or without remanding the cause for rehearing. *The findings* of the Board as *to the*

---

1. 52 Stat. 1094 and 60 Stat. 722, 735 as amended; 45 U.S.C.A. §§ 351–367.

2. 52 Stat. 1101, 45 U.S.C.A. § 355(f).

*facts*, if supported by *evidence* and in the absence of fraud, shall be conclusive. \* \* \*" (Italics ours.)

 We find that the Board's findings of fact, here, meet that statutory test. Ellers v. Railroad Retirement Board, 2 Cir., 1943, 132 F.2d 636. However, Haney challenges the Board's application of certain statutory terms to the facts found by that agency, and he questions its interpretation of some words appearing in the Act. His attack is launched from the platform of these two findings made by the Board:

"2. A statement of sickness dated January 14, 1954, received at the Board's Atlantic regional office on January 18, 1954, was the first statement of sickness filed by, or in behalf of, appellant with respect to the period, November 1, 1953 to January 8, 1954, inclusive for which he claims sickness benefits. Accordingly, none of the days in the period, November 1, 1953 to January 8, 1954, inclusive, is a 'day of sickness,' within the meaning of the Act, with respect to appellant.

"3. Appellant is not entitled to benefits under the Act with respect to any of the days in the period, November 1, 1953 to January 8, 1954, inclusive."

While we recognize our basic interpretive responsibility, it appears to us that the Board acted within the legislative framework, provided by Congress, and correctly ascertained if days of sickness, mentioned in the Act,[3] were applicable to Haney's claim. Gray v. Powell, 1941, 314 U.S. 402, 62 S.Ct. 326, 86 L.Ed. 301.

Regulations, 20 Code Fed.Regs. § 335.-104(a) and (b), promulgated by the Board under its statutory rule-making power made it encumbent upon Haney to file a statement of sickness at the agency's office within 10 days. He did so only tardily. The Act, itself, requires filing a "statement of sickness"; the Board sets the time limit. On the facts before us we perceive no sound reason for striking down the Board's interpretation and ascertainment of reasonableness as used in its own regulations concerning when the requisite claim form could be considered as filed despite expiration of the time limit. There is no claim that these regulations are *ultra vires*, only that the Board erroneously applied them. Indeed by disputing the Board's interpretation of its regulation, Haney recognizes it.

The judgment appealed is affirmed.

Affirmed.